UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN A STAUFFER,
BADGER MUTUAL INSURANCE COMPANY,

           Plaintiffs,

    v.

                                                 Case No. 20-cv-1258-bhl

MILLS FLEET FARM LLC, et al.,

           Defendants.

## ORDER DENYING MOTION TO REMAND AND
## GRANTING MOTION TO AMEND NOTICE OF REMOVAL

        On August 17, 2020, defendants filed a notice of removal under 28 U.S.C. §1441(a), asserting that this Court has jurisdiction over this matter under the Court's federal question jurisdiction, 28 U.S.C. §1331. (ECF No. 1.) On September 10, 2020, plaintiffs moved to remand the case, arguing that defendants had failed to effect removal properly by not including with their notice "a copy of all process, pleadings, and orders served upon the defendant or defendants in such action" as required by 28 U.S.C. §1446(a). (ECF No. 11.) Plaintiffs assert that these documents were not added to the federal docket within 30 days as required by 28 U.S.C. §1446(b) and insist that the removal statute be "strictly construed."[1] (ECF Nos. 11 & 13.) In response, defendants acknowledged their failure to include a copy of all the state court filings with their original notice of removal and asked to amend the notice to add the missing materials. (ECF Nos. 14-15.) Plaintiffs filed a reply brief on September 29, 2020. (ECF No. 16.)

        Defects in a notice of removal, including jurisdictional defects, are not fatal to removal so long as they are not "so defective as to be incurable" and are permissible to correct by amendment even after the 30-day window for removal has elapsed. *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273-74 (7th Cir. 1982) (quoting *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 80 (1903)) (citing 28 U.S.C. §1653; *see*

---

[1] Plaintiffs filed a corrected remand motion on September 14, 2020. (ECF No. 13.)

14C Charles A. Wright et al., *Federal Practice and Procedure* §3733, (Rev. 4th ed. 2020) ("The failure to conform to these procedural rules is not a jurisdictional defect, however, and both the failure to file all the state-court papers and the failure to provide the Federal Civil Rule 11 signature are curable in the federal court.").

Defendants' error here, a failure to include a copy of all state court filings, is not a jurisdictional error. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (stating that an "inconsequential defect in removal papers" does not "deprive the district court of jurisdiction over a case removed to it"). The defect is not incurable and is permitted to be repaired by amendment, and defendants have moved to file such an amendment. Therefore, remand would be a "disproportionate sanction." *Id.* Because defendants filed a timely notice of removal containing a clear basis for federal jurisdiction, and later moved to amend the notice of removal to cure the non-jurisdictional error, the Court will deny plaintiffs' motion to remand and will grant defendants' motion to amend the notice of removal. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' corrected motion to remand, ECF No. 13, is DENIED.

**IT IS FURTHER ORDERED** that defendants' motion to amend the notice of removal, ECF No. 15, is GRANTED. The amended notice of removal at ECF No. 14 shall be the operative notice.

SO ORDERED on October 28, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge